Case 1:08-cv-00962   Document 18   Filed 04/17/2008   Page 1 of 20

APR 17 2008
FILED
APR 17 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE United States
District Court of
Illinois Eastern
Division

TOMMIE A. BIVENS

Plaintiff

VS.

CASE No. 08C962

1. Medical Director Burskiy

2. Nurse Jennins

3. Jane Doe Nurse's of Div-11 on sick call.

Defendants.

Motion For Leave To File
An Amended Complaint

Plaintiff Tommie A. Bivens, Pursuant To Rules 15 (a) and 19 (a) Fed.R.Civ.P.; Request Leave To File amended complaint adding Partys

"Plaintiff"                                  "Defendants"

1. Tommie A. Bivens: VS. 1.Medical Director Burskiy Defendant's 2. Nurse Jennins 3. Jane Doe Nurse's of Division 11 On site Sick Call

2. Sience The Filing of Complaint, Plaintiff Tommie A. Bivens Has determined That The Medical Staff Employed By The Cook County Under The Supervision of Thomas Dart Supt. Snooks, And Defendants Medical Director Burskiy. Has Repeatedly Displayed A Breach of Feduciary Duity; failing To up Hold The Job Discription Entrusted and Assigned To Them; Regarding Monotering Health Care Negligence.

3. The Named Defendants Under Defendants Dart, Snooks and Burskiy. Has Knowingly And unReasonably Chose To Disregard an objectively Intolerable Risk of Harm To Plaintiff, By Failing To act Dispite The Knowledge of A substantial

Risk of Serious Harm, By Denial of Medical Treatment.

4. Plaintiff Tommie A Bivens urges the court to focus on his medical needs diagnosed by a physician #"DJO Arthrist" in the uper left & now also the right hip, both needing to be replaced. And two very advanced muscle atrophy. This illness is of parlytic and painful nature. It's already caused a great precentage of paralysis to Plantiff and continued denial of medical treatment crates serious risk to grater harm.

5. Plaintiff urges the courts to recognize the serious medical need at issue, arguing that he has demonstrated a serious medical need because it is undisputed that the failure to treat "Muscle Atrophy" can result in complete paralysis.

6. Plaintiff also ask the Honorable court to take notice of grievances filed and ignored by medical staff in an attempt to resolve this matter before tieing up more of the courts time.

7. I Plaintiff Tommie A. Bivens state and stand by the claim that Nurse Jennins employed by Cook County Department of Corrections Div-11- on site Health Care Services at 3515 S. California Ave 60608

"Upon Information and belief" has become the Ring Leader of the Group of Nurses Currently Denying Plaintiff Tommie A. Bivens needed medical Treatment, with callous indifference to Plaintiff's serious and apparent medical needs

8. Defendant Jennins and Jane Doe nurses are aware Plaintiffs serious medical need has been diagnosed by a Physician as requiring Treatment. It is so obvious that even a lay person would easily recognize the necessity for a doctors action. In each grievance filed, Plaintiff made it clear how the continued delay in medical treatment constituted a constitutional deprivation and how this continued deprivation is causing verifyable damage.

9. Plaintiff states defendants Nurse Jennins cause for delay in Plaintiffs medical treatment is one of deliberate indifference to Plaintiff's medical needs and offers serious risk of harm.

10. <u>Relief Sought:</u>

Plaintiff wants to continue treatment for his serious illness. He request the courts to issue an order for compensatory damages and punitive damages in what ever amount the court feels is fair.

Plaintiff further request to be given an attorney in these matters based on the seriousness of plaintiffs needs.

11. <u>Plaintiff demands that this case be tried by the presiding judge</u>

By signing this amended complaint I certify that the facts stated in this complaint are true to the best of my knowledge, information and belief.

I understand that if this certification is not correct, I may be subjected to sanctions by the court

Signed 4-14-08

*Tommie N. Rivers*
2006-003-6309
P.O. Box 089002
Chicago, IL 60608

Plaintiff prays this Honorable Court Grant Leave Freely to Amend Complaint. Forman v. Davis, 371 U.S. 178, 182 (1962)

4-14-08

Respectfully Submitted

Tommie A. Bivens
2006-003-6309
P.O. Box 089002
Chicago, Il 60608

Tommie H. Bikins
Plantiff

vs.

No Results
or Answer
To

3-19-08

1. Medical Director Burskey
2. Nurse Jennings / Jennins
3. C.C.D.O.C on Site Sick Call Div-11

1. I Humbly Request an Independent Council To Investigate The Nurse misconduct and Review All Complaints of malpratice; Claiming Harassment, Vendettas and Security Tension Increas Due To Reports Being Filed On Nurse misconduct by Divison 11 Detainees over The Past 9 months

2. Retaliatory actions against Plantiff For Filing a Grievance within The Proper Guide Lines In accordance with The C.C.D.O.C Rules and Regulations For Detainees, made Effective June 2006 Has Caused Some Problems That assigned System Can't Solve.

3. Plantiff Has "Muscle Atrophy" The medical Staff, Division 11 Nurses are aware of This Condition.

4. Plantiff Tommie R. Bivens Charge Defendant 1 Medical Director of C.C.D.O.C. (Director Burskiy with Breach of Feduciary Duity) He's Failed to up Hold The Job Discription entrusted and assigned to Him.

5. A Simple Survey of Documented Grievances will Reflect "Mounting Complaints" Of Incidents, Fueled Vendettas embolking the Ringleader Defendant 2 Nurse Jenners/Jennerys. Solely Based on the Filings of Said Grievances.

6. The maniputation of others In The Building In this unperfessional Cause Creates Targeted Rivalry Disputes on other Levels Not Even envoling Medical Issues with other Employees who Support Defendant 2 Nurse Jenners Criticism of Detainees.

7. Common Retaliatory Pratice's are Concellations of Scheduled (Doctors Appointments) Such as The Present Incidents Plantiff Tommie R. Bivens Is Experiencing To date. A Clear Look at Plantiffs Medical Documen-tation will Support These Stated Facts.

8. Defendants at Sick Call Following The Lead Of Nurse Jenning Defendant 2 Have Chosen To Undermine Their Boss, Highly Skilled Doctors and Clerical Staff.

9. With The Ignoring of Plaintiffs medical needs.
These People are Collectively aware Plaintiff Tommie N. Birkens Has a Serious medical need. They are to date Showing a "Deliberate Indifference" to Plaintiffs Serious medical Needs and This deliberate indifference is Causing Further injury.

10. A Quick Research of Plaintiffs Tommie N. Birkens Medical Files, well Show His Case Has Been Diagnosed by a Physician as Mandating Treatment. The Illness Is So Obvious That Even a Lay Person would Easily Recognize The Necessity For a Doctors attention. Plaintiffs Case Is one That If Left Unattended Poses a Substantial Risk of Serious Harm; Including "more Paralytic" Affects.

11. Plaintiffs Clear Disability was being Being Treated up to a Failed M.R.I. The M.R.I. was unsuccessful Because

Plantiff Suffers From Claustrophobia. Mr. Bevens was not aware until the M.R.I attempt that He Had This Illness.

12. Sence Then Every attempt To See The doctor, To arange Rescheduling with Some Form Of Treatment. So The Exam Can Be Completed and The Needed Operations on Plantiffs Neck Could Be Performed; was destroyed By The Only People who Has Access To Such Information "The Division 11" Nurses who's Envolved & Influenced by defendant "2 Nurse Jenners". 3 appointments were Set Up and Canceled out Without Notice or Rescheduling; 7 Sick Call Slips Has Been Sent in.

13. Plantiff was Taken From The County Jail 1-25-08 For Questioning By Members of The Chicago Police Department. Mr. Bevens Explained To The Officers He was on Heavy medication and Showed Them The Perciption For 3 Doses of Baclofen Per Day To avoid Pain For Diagnose Illnesses.

14. Upon Returning Back To The Jail Division 11 Sick Call was Phone By one of the C.P.D Officers.

15. A Female Nurse answered The Phone and when The Situation was Explained.

C.P.O,- Question: Does Mr. Bivens Take any Type of Medications which would Indanger His Treatment Should He not Be allowed To Returned To His Cell To Retrieve It? He's Going To Be Gone over Night.

Nurse,- Answer (NO! He only Takes antibiotics) The Nurse on The other End of The Phone Did Not Tell The Truth To That Chicago Policeman. Plantiff missed 4 Doses of Baclofen Returning Back To His Cell, In The worst Pain one could Imagen The next Day. He was not on Any Antibiotics at that Time, what So Ever.

16. Plantiff Tommie X. Bivens was Not aware Who The Nurse was on The other End of The Phone until He Returned The Next Day Seeing Her and Being Told By Nurse Jennins Defendant 2 (I Removed your File I Thought you Were Gone!) The Detective Clearly Told Her I would Be Returning In a Day or Two.

17. Defendent Fail To Tell The officers I Have an Advanced Case of arthrisit, High Blood Pressure, Muscle Atrophy and

Have been Precribed a Cane & Double Mattress to Sleep on Because of the arthritis In Both of my Hip Joints. My Chart and File Would Have also Shown I'M Scheduled For a Hip Replacement after The Neck operation on The upper Spine To Reopen The Center where those Nerves are Being Pinched off.

18. I Spent The Night on a Slab of Steel and Due To The Cold Temperature and my Medical Condition The Concrete Floor Became my Bed.
No Mattress Blanket, Sheet or Pillow, The Turn Key Woke Me up, He Thought I'd Fallen out Based on The Way I was Sleeping Seeking Comfort on That Floor.

19. after 32 Hours without Meds. I Was a Reck In Pain No one Should Experience In This Day and Time With Such a Medically Controled enveroment.

20. There's officers, one Lt., The Social Worker, The Grievance Committee, Basicly all The Nurses In Division 11 Sick Call on Site Station Who's aware of This Situation.

21. ▮ I Even appealed The Lack of Results Throw My Case worker 20 To 25 days ago.

22. ▮ This Level of Harassment Has undoubtably moved Beyond Negligence. No Reasonable Person would Take Revenge This Far Exposing Them Self To So Much Material Evidence, unless This Form of Pratice Has been used Successfully So many Time's They've Gotten Comfortable with it, or worse.

23. ▮ The Preponderance of Evidence out Weighs any Notion of Said Claims. Theres C.C.D.O.C. Employees and Chicago Police who Can Testify To The Related Facts In This Brief.

Plantiff Tommie N. Bickens Is willing To Take A Polygraph Test In Further Support of The Facts In This Brief Soon as It Can be arranged.

Respectfully Submitted  Tommie N. Bickens

24. 3-19-08 I Expected The Wing to attend The Law Library Services. The Day before I was Denied The use Of my Cane because I Didn't Present The medical Prescription For it In Time. To-day I Did Present The medical Slip But my Cane Prescribed by a Doctor Has been Removed and Descarded From The Secure Office Fully Staffed by C.C.D.O.C. Staff. This I Do Expect It To Get worse after This Brief until The courts Step In.

RELIEF Requested: At This time I'M Only asking To be Allowed To Continue Treatment and moved To Jefferson County Jail, and my Cane Replaced.

Tennie X. Foskens

Exibit
Filed NO Answer!

Part-A / Control #: ____X____

Referred To: _____

☐ Processed as a request.

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: Tommie A. Bivens   First Name: Tommie

ID #: 2006-0036304   Div.: 11   Living Unit: CG   Date: 2/28/08

BRIEF SUMMARY OF THE COMPLAINT: "Pretrial Detainees Rely On Cook County Sick Call/Health Services To Treat Medical Needs If Authorities Continue To Fail To Do So Those Needs Will Not Be Met" Estelle V. Gamble, 429 U.S. 97, 103 (1976) 1. you are aware I Have a Serious Medical Need; 2. Health Services Officals Continue to Show "deliberate indifference" To My Serious medical need and this Deliberate Indifference Is Causing Further injury. My Injury Has Been Diagnosed by a Physician as Mandating Treatment. Its So Obvious Even a Lay Person Would Easily Recognize The Necessity For a Doctors Attention. See Hill V DeKalb Reg'l Youth Ctr. 2 40 F.3d 1176, 1187 (11th Cir. 1994). I Need to Get to Sick Call To Discuss my Failed M.R.I. To Move Forward with operation.

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
1 Shift C.O.'s and Our Counslour

ACTION THAT YOU ARE REQUESTING: I Need To Have My Ibuporfen Renewed Need To also Be Called Before The Doctor To Discuss Personal injury Sick Call I've Put In over 5 slips To No avail Why am I being neglected?

DETAINEE SIGNATURE: Tommie A. Bivens

C.R.W.'S SIGNATURE: _____   DATE C.R.W. RECEIVED: __/__/__

Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.

(WHITE COPY – PROG. SERV.) (YELLOW COPY – C.R.W.) (PINK COPY – DETAINEE) (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

EXUCI FCASC NO Answer! 78

Part-A / Control#: __INT 9 RX__

Referred To: _____

☐ Processed as a request.

# COOK COUNTY DEPARTMENT OF CORRECTIONS
## DETAINEE GRIEVANCE

Detainee Last Name: **Bivens**   First Name: **Tommie**

ID #: **2006-0036309**   Div.: ____   Living Unit: ____   Date: **2/5/08**

BRIEF SUMMARY OF THE COMPLAINT: Exhaustion of Remedies Regarding on Going medical malpractice. I have a couple of Diagnosed serious medical needs. 1. Muscle Atrophy and 2. Very Advanced stages of Arthritis. There are medications prescribed to avoid pain. No one should have to live with in this day and time!! I only asked that the prescriptions be filled and given to me as the Dr. orders to Bring an end to this Deliberate Indifference.

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

ACTION THAT YOU ARE REQUESTING: I simply wish to continue treatment

DETAINEE SIGNATURE: *Tommie N. Bivens*

C.R.W.'S SIGNATURE: _____   DATE C.R.W. RECEIVED: __/__/__

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

No Answer 1

<u>GRIEVANCE</u>
<u>EXHibit</u>

4-4-08

Tommie A. Bivens;

1. I State and Stand by the Claim I, Plaintiff Tommie A. Bivens Have a Serious medical Need.

2. One That Has been diagnosed by a Physician as Requiring Treatment and Is So Obvious That Even a Layperson Would Easily Recognize The Necessity For The Doctor's attention

3. I Further State That I Have been Treated With Callous Indifference Regarding The diagnosed Serious and apparent Medical Needs.

4. The Medical Staff as a whole Is not Responcable For The Continued delay in Plaintiffs Medical Treatment Constituting a Constitutional Deprivation.

5. This objective Seriousness of deprivation Can Easily be Measured by Reference To The Effect of delay In Treatment For Plaintiffs diagnosed Serious Illness To wit Muscle Atrophy, 68 DAYS OF MEDICAl Doctor visit DENIAl 4-3-04 Judge Stanley ordered The County Jail To allow Tommie A. Plaintiff To continue Treatment + Doctor visits This Too was Ignored.

6. This kind of illness is one of Paralytic Nature. Where should Plaintiffs condition continue to be ignored by Medical Staff, Eventually In Such a violent Environment, further injuries could occur. Causing more Paralysis Beyond The movement Restriction That already Exist.

7. Plaintiff Has made every attempt To Continue Treatment, Since He's Failed M.R.I., when He Realized He also Suffered from Claustrophobia. Plaintiff Has made over 13 attempts to Be Seen By the on Site Doctor to Complete Treatment with The 3 operations 1. To Stop Further Paralysis Caused by diagnosed Muscle Atrophy and one or Both Hips Replaced.

8. Plaintiff Tommie A. Bivens Has Filed 4 Grievances Within The Proper Guide Lines, He's Complained To athoritys, Both Medical & Security. Plaintiff Has Appealed Grievances and Even Tryed To Resolve The Issue Through Counslor Wilsons Supervisor; All To No avail.
And Refiling Through New Counslor Dean In Hopes Of Getting To Continue Treatment Because Plaintiff Tommie A. Bivens Condition Is Getting worse.

9. Medical Staff envolved are Clearly Showing a Deleberate Indifference. The Staff Here Has Failed to act where a Reasonable Person Would Have Concluded Plaintiffs Lack of Treatment Could Result In Even Greater Pain and Non Reversable Damages Beyond What Now Exist, If Left untreated.

10. Medical Staff Know This Condition Create an Excessive Risk to Plaintiff Tommie A. Bykins Health and Continue To Fail to act on that knowledge. Medical Staff Has The Requisite Knowledge THAT Substantial Risk of Serious Harm may be inferred From Circumstantial Evidence and The Confermed Medical Facts From Exams That Said Risk and Possible Further Damage Is obvious If Left untreated.

11. Plaintiff argues That He's Done Nothing To Bring This Cruel and unusual Punishment Being Inflicted upon Himself.

12. Plaintiff Only Request ① To Be allowed To Continue His Treatment. ② The Harassment of Vendetta Doctors Visit Consellations, "For The Past Grievances Filed" Relating to Past Malpratice Issues By Plaintiff Stopes

13.(3) Plaintiff Seeks To Have His Cane Prescribed by The Doctor For Walking To Be Replaced. It Too was Part of The on Going Extended Harassment, all Stemming From The Medical Staff Vendetta Through who Ever Supported their Criticism of Detainees. The Cane was Removed and Disgarded From a Secure area.

14.(4) Plaintiff Request That Future Retaliatory Practices Be Handled By an Independent Council To Investigate Said Malpratice and the Manipulation of Non Medical Employees To Further "Non-Professional" acts of unreasonable Treatment and Deliberate Indifference. Also Be Stoped and moved To Kantakee County Jail For The Duration of Time awaiting Trail To avoid Future Problems and Contact with The Present on Site Medical Staff Involved In on Going Violations of Plantiffs Rights as a Pretrial Detainee and The US Constitutional Rights. This Callous Indifference Has To End Before Its Too Late.

Tommie A Rives

Respectfully Submitted