UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMMIE A. BIVENS, ) | |
| ) | |
| Plaintiff, ) | 08 C 962 |
| ) | |
| vs. ) | Honorable Judge |
| ) | Matthew Kennelly |
| DEFENDANT SUPT. SNOOKS, ) | |
| SHERIFF THOMAS DART, COOK COUNTY ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SNOOKS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant SUPT. SNOOKS, through his attorney, RICHARD A. DEVINE, State's Attorney of Cook County, by his Assistant State's Attorney, Paul W. Groah, answers Plaintiff's complaint as follows:

1. I state and stand by the claims made by me Plaintiff Mr. Tommie A. Bivens born 5-3-56.

    ANSWER:    Defendant Snooks denies the allegations contained in paragraph one.

2. In November 2007 around the 20th Defendants #1 Supt. Snooks permitted the continued unsafe policy of 3 men to the cells designed for one or 2 to be housed.

    ANSWER:    Defendant Snooks denies the allegations contained in paragraph two.

3. I lived in Division 11 102 CC pod T. Bivens, J. Brooks & M. Sims were the 3 in the cell.

ANSWER: Defendant Snooks admits that Plaintiff was assigned to Div. 11, tier CC with detainees Brooks and Sims, and denies that there is a pod 102.

4. Defendant # 1 Supt. Snooks knew to change "the safe floor plan" of the "8½ x 11 foot cell" cutting down the #5 feet of safe walking space from the bed to the door or the toilet to 2½ feet with an obstruction to wit "a mattress and third body"; would create hazardous (sic) conditions.

ANSWER: Defendant Snooks denies the allegations contained in paragraph four.

5. These unsafe conditions are increased when the lights are out and one or more of the men in this small cell suffer a handicap, such as Plaintiffs bad legs.

ANSWER: Defendant Snooks denies the allegations contained in paragraph five.

6. The over 50 deck or over 35 is full of inmates with physical challenges.

ANSWER: Defendant Snooks denies the allegations contained in paragraph six.

7. I'm 51 years old I suffer from arthritis…. (sic)The staff under defendants Supt. Snooks is aware of my problem. I've been given double mattress to sleep on and I walk with a cane, they refuse to allow me to have on the deck. I understand this part Incase of jail violence, "safety measures they say." Plaintiff safety was not in the interest of Defendant Supt. Snooks when he gave the order to place a third man in the cell with Mr. Bivens and Mr. Brook. Defendant #1 Supt. Snooks knew the mattress on the floor of that small cell would create a walking hazard.

ANSWER: Defendant Snooks is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age, arthritis, what any unnamed staff members know, or whether Plaintiff was given a double mattress. Snooks admits canes are not allowed on the deck, and denies the remaining portions in paragraph seven of Plaintiff's complaint.

8. On or about the 20th of November 2007 Plaintiff Tommie Bivens was assigned to cell 102 Div -11-CC. James Brooks was also assigned to that cell designed for only two.

ANSWER: Defendant Snooks admits that Plaintiff and Brooks were previously assigned to Division 11, tier CC, cell 2. He has no knowledge or information sufficient to form a belief as to what Plaintiff means as to cell 102.

9. A third man was then assigned. Michael Sims. #20070084120 to the same cell 102. Div.-11-CC.

ANSWER: Defendant Snooks admits that Sims was also assigned to the same cell as Plaintiff.

10. There was no bunk space for Mr. Sims he was ordered by the Cook County Sheriff to place his mattress on the floor.

ANSWER: Defendant Snooks denies that the Sheriff ordered inmate Sims to place a mattress on the floor.

11. This deducted considerably from the already cramped space. With the light out it became dangerous and Plaintiff eventually triped (sic) over Mr. Sims mattress.

ANSWER;   Defendant Snooks denies the allegations contained in paragraph eleven.

12. He fell into the corner wall head and shoulder first.

ANSWER:   Defendant Snooks denies the allegations contained in paragraph twelve.

13. Plaintiff burned a patch of skin from his left shoulder on that wall. He badly damaged the nerves in his neck and now suffers from muscle Atrophy, a pinched nerve and Claustrophobia from the fall.

ANSWER:   Defendant Snooks denies the allegations contained in paragraph thirteen.

14. The badly pinched nerve in Plaintiff's neck has caused a 75% loss of muscle tissue in that left arm and very limited use of normal "strength and mobility" in Plaintiff's left arm, a total decrease.

ANSWER:   Defendant Snooks denies allegations contained in paragraph fourteen of Plaintiff's complaint.

15. Plaintiff awaits further information regarding an open M.R.I. or sedation. To move forward with the operation needed to fuse a bone in his neck, correcting what could be corrected in the upper spine.

ANSWER:   Defendant Snooks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifteen of Plaintiff's complaint.

16. Plaintiff only as 25% of his left arm normal use and due to the nerve restriction it's lost 75% of its normal weight and it is in constant pain.

ANSWER: Defendant Snooks denies the allegations contained in paragraph sixteen of Plaintiff's complaint.

17. I further state and stand by the claim that Thomas Dart Sheriff of Cook County knew of problems that could arise by not curtailing prisoner overflow.

ANSWER: Defendant Snooks denies the allegations contained in paragraph seventeen.

18. He Defendant #2 Thomas Dart chose to show deliberate indifference. He is well aware of substantial risk of serious harm related to overcrowding and failed to respond reasonably before Plaintiff's injury's occurred. Plaintiff state and stand by the claim that his loss and harm is the direct result of Defendant #2 Dart negligence as well as Defendant #1 Snooks.

ANSWER: Defendant Snooks denies the allegations contained in paragraph eighteen.

19. The two men are employed by Cook County who too was aware of the over crowding problem and the hazdordious (sic) conditions it creates.

ANSWER: Defendant Snooks denies the allegations contained in paragraph nineteen.

20. Which leads too named problems and is also why those conditions exist. Cook County was negligent and lead to Plaintiff's damages so states Plaintiff.

ANSWER: Defendant Snooks denies the allegations contained in paragraph twenty.

21. Plaintiff's conditions are basicly (sic) illnesses that can't be cured and reversed. He's handicapped for life from the negligence of Defendants 1,2, & 3.

ANSWER: Defendant Snooks denies the allegations contained in paragraph twenty-one.

## AFFIRMATIVE DEFENSES

1. Plaintiff had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C.§1997e (a). *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

2. Plaintiff has suffered no compensable injury as a result of the averments in the complaint, and he is therefore entitled to no relief whatsoever.

3. Plaintiff's injuries, if any, were caused by his own actions.

## JURY DEMAND

Defendant Snooks respectfully demands a trial by jury on all counts.

**WHEREFORE**, based upon the foregoing, defendant Supt. Snooks respectfully requests that this Honorable court grant judgment in his favor and against plaintiff on all aspects of his complaint and further request that this Honorable court grant them fees, costs, and such other relief that this court deems just and appropriate.

          Respectfully submitted,

          RICHARD A. DEVINE
          State's Attorney of Cook County

By:   */s/Paul W. Groah*_____
       Paul W. Groah
       Assistant State's Attorney
       Civil Actions Bureau
       500 Richard J. Daley Center
       Chicago, Illinois 60602
       (312) 603-5147