## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TOMMIE A. BIVENS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08 C 962 |
| | ) | |
| v. | ) | Hon. Matthew Kennelly |
| | ) | |
| SUPERINTENDENT SNOOKS, | ) | Mag. Jeffrey Cole |
| THOMAS J. DART, and THE COUNTY OF | ) | |
| COOK, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiff, Tommie A. Bivens, complains of Defendants, Superintendent Snooks, Thomas

J. Dart, and The County of Cook ("Cook County") (collectively "Defendants") as follows:

1.      This action is based on 42 U.S.C. § 1983 and is brought to redress a violation of

Plaintiff's rights, privileges, and immunities under the due process clause of the Fourteenth

Amendment to the United States Constitution.

### Jurisdiction and Venue

2.      The United States District Court for the Northern District of Illinois has

jurisdiction over this action under 28 U.S.C. § 1331 because it arises under the Constitution,

laws, or treaties of the United States.

3.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the

events giving rise to Plaintiff's claims occurred in this judicial district.

### The Parties

4.      Plaintiff is a citizen of the State of Illinois.

5.      Thomas J. Dart is the Sheriff of Cook County, Illinois. He is responsible for maintaining order and directing the movement of detainees within the Cook County Jail. He is sued in his official capacity.

6.      Superintendent Snooks works at and is responsible for administering the Cook County Jail. He is sued in his official capacity.

7.      Cook County is a unit of local government of the State of Illinois as defined by Article VII of the Constitution of the State of Illinois of 1970. Cook County is a body politic and corporate under 55 ILCS 5/5-1001 and is ultimately responsible for the conditions of confinement and the medical needs of the detainees at the Cook County Jail.

## Background

8.      Plaintiff is a pre-trial detainee in the Cook County Jail. Since his incarceration, Defendants have been aware of his arthritic condition.

9.      In September 2006, Plaintiff was transferred to a cell in Division 11, Tier CC.

10.     Plaintiff's cell in Division 11, Tier CC contains two permanent bunks. It is designed to house two detainees.

11.     From September 2006 to November 2007, Plaintiff and another detainee, James Brooks, were the only detainees assigned to Plaintiff's cell.

12.     In November 2007, Defendants assigned a third detainee, Michael Sims, to Plaintiff's cell and ordered Sims to place his mattress on the floor.

13.     The floor in Plaintiff's cell in Division 11, Tier CC was not designed for sleeping, and the cell was not designed to contain a third bunk.

14.    As a result of Defendants' conduct, Plaintiff's cell was overcrowded, and Plaintiff's ability to move about in it was restricted. Further, his access to the sink and commode was obstructed.

15.    Since 1975, Cook County has been aware of that its jail is overcrowded.

16.    In 1982, Cook County signed a consent decree in *Duran v. Sheahan* (the "Decree"), docketed in this judicial district as Civil Action No. 74 C 2949, to address, among other things, the problem of overcrowding in its jail. The Decree aimed to reduce overcrowding and provide each detainee with a bed in a cell. In particular, the Decree provided, "Each pre-trial detainee shall have one permanent bed in a cell. No pre-trial detainee shall be housed where inmates are required to sleep on the floor, or on a mattress on the floor, or in any area not designed as sleeping quarters."

17.    In November 2007, each of the Defendants was aware that their solution with respect to the high jail population of requiring detainees to sleep on the floor, or on a mattress on the floor, or in any other area not designated as sleeping quarters was in violation of law.

18.    On the night of November 20, 2007, Plaintiff got out of bed, tripped over Sims' mattress on the floor, fell into the wall of his cell, and suffered physical injury, causing severe pain in his neck and shoulder. (Statement of Michael Sims dated January 2, 2008 is attached as Exhibit 1.)

19.    On November 23, 2007, as the pain in his neck increased, Plaintiff sought medical evaluation and treatment for the injuries suffered on November 20, 2007. (Plaintiff's Health Service Request Form dated November 23, 2007 is attached as Exhibit 2.)

20.    In November 2007, in response to Cook County's failure to remedy overcrowding at the Cook County Jail, which went beyond mere contempt of the consent decree, Judge

Virginia Kendall ordered the Board of Commissioners of Cook County to submit a report detailing a proposed plan of how they intend to come into compliance with the Decree. (Ct. Order Nov. 30, 2007, Docket Entry No. 978.)

21.    In January 2008, as Plaintiff's conditions failed to improve, Plaintiff was diagnosed with muscle atrophy in his shoulder and left arm. Plaintiff's doctors recommended that Plaintiff have surgery on his neck to repair the injury and alleviate the pain and discomfort caused by his November 2007 fall. Further, Plaintiff's arthritis was re-evaluated, and Plaintiff's doctor recommended that prior to the neck surgery to correct the injury from the November 2007 fall, Plaintiff would need to have hip replacement surgery to alleviate the pain and suffering in his hip and provide proper alignment for the neck surgery.

22.    To alleviate the pain and discomfort associated with his injuries while awaiting surgery, Plaintiff was prescribed a neck brace and pain medication. (Cermak Health Services Prescription Form dated January 2, 2008 is attached as Exhibit 3.)

23.    However, despite a medical prescription and Plaintiff's repeated requests, Defendants refused to administer Plaintiff's pain medication from February 2008 to April 2008, further exacerbating Plaintiff's extreme pain.

24.    Further, despite Plaintiff's repeated requests, Defendants have refused to schedule the surgeries that medical doctors recommended that Plaintiff undergo to alleviate the pain and discomfort associated with his neck and hip and the muscle atrophy in his left arm. As a result of this delay and the ongoing pain, discomfort, and muscle atrophy associated with the arthritis and neck injury, Plaintiff overcompensated with his other hip. As a result, Plaintiff now suffers from arthritis in both hips.

25.    Plaintiff followed the Cook County Department of Corrections' grievance procedure by filing grievances outlining Defendants' deliberate indifference to his health and safety through overcrowding his cell and ignoring his medical needs.  (Plaintiff's Detainee Grievance forms are attached as Exhibit 4 – 8.)

26.    Despite filing grievances with the Cook County Department of Corrections, Defendants have failed to adequately respond and remain deliberately indifferent to Plaintiff's medical needs.

**Count I**
**Violation of Fourteenth Amendment**
**Conditions of Confinement**

27.    Plaintiff incorporates by reference paragraphs 1 through 26.

28.    Defendants were aware that ordering the placement of mattresses on the floor of jail cells designed to hold two permanent beds was a violation of law.

29.    Defendants were aware that Plaintiff's cell was not designed for three detainees, the floor was not designed for sleeping quarters, and Plaintiff suffered from arthritis.

30.    Defendants nevertheless assigned a third detainee to the floor of Plaintiff's cell, which restricted and obstructed Plaintiff's ability to move about in it.

31.    As a result of Defendants' deliberate indifference, Plaintiff suffered severe physical injury to his neck and shoulder.

32.    Defendants' actions were carried out under color of state law.

33.    Plaintiff took every reasonable step to exhaust his administrative remedies concerning this issue.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendants, award compensatory and punitive damages against Defendants in

an amount to be determined at trial, award Plaintiff his reasonable costs and attorneys' fees, and

for any other relief this Court deems just and equitable.

**Count II**
**Violation of the Fourteenth Amendment**
**Deliberate Indifference to Plaintiff's Medical Needs**

34.    Plaintiff incorporates by reference paragraphs 1 through 26.

35.    Defendants were aware that Plaintiff was required to take medication to reduce

the pain and discomfort associated with the injury to his neck and shoulder.

36.    On multiple occasions, Defendants refused to provide Plaintiff with medication to

alleviate his pain.

37.    Further, Defendants refused to accommodate the medical evaluation screening

and scheduling necessary to accommodate Plaintiff's surgeries, which were required to alleviate

the pain and discomfort associated with the injury to his neck and shoulder.  Defendants were

deliberately indifferent to these serious medical needs.

38.    As a direct and proximate result of this deliberate indifference, Plaintiff has

endured pain and discomfort in his neck and shoulder for an extended period of time, suffered

muscle atrophy in his left arm, and exacerbated the degeneration of his hips.

39.    Defendants owe a duty to detainees, including Plaintiff, to meet their medical

needs and they failed in this duty.

40.    Defendants' actions were carried out under color of state law.

41.    Plaintiff took every reasonable step to exhaust his administrative remedies

concerning this issue.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his

favor and against Defendants, award compensatory and punitive damages against Defendants in

an amount to be determined at trial, award Plaintiff his reasonable costs and attorneys' fees, and for any other relief this Court deems just and equitable.

**Count III**
**Indemnification Claim**

42.     Plaintiff incorporates by reference paragraphs 1 through 26.

43.     Under Illinois law, 745 ILCS 10/9-102 and 55 ILCS 5/5-1002, Cook County is empowered and directed to pay any tort judgment for compensatory damages (and associated attorneys' fees and costs) for which a sheriff or a deputy sheriff acting within the scope of his employment is found liable.

44.     Cook County is liable for any judgment entered against Superintendent Snooks or Thomas J. Dart for compensatory damages and for associated attorneys' fees and costs.

45.     In the event a judgment for compensatory damages is entered against Superintendent Snooks or Thomas J. Dart, Cook County must pay the judgment as well as associated attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendants, award compensatory and punitive damages against Defendants in an amount to be determined at trial, award Plaintiff his reasonable costs and attorneys' fees, and for any other relief this Court deems just and equitable.

Date:   July 24, 2008                                         Respectfully submitted,

                                                              TOMMIE A. BIVENS

                                                              By:   s/ Maria J. Minor
                                                                    Maria J. Minor

Maria J. Minor
John J. Scharkey
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, Illinois 60602
Tel. (312) 269-8000

NGEDOCS: 1548787.4

## CERTIFICATE OF SERVICE

I, John J. Scharkey, an attorney, hereby certify that I electronically filed Plaintiff's Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Paul W. Groah
Assistant State's Attorney
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602

s/ John J. Scharkey
John J. Scharkey

Maria J. Minor
John J. Scharkey
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, Illinois 60602
Tel. (312) 269-8000

NGEDOCS: 1551345.1