UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMMIE A. BIVENS, ) | |
| ) | |
| Plaintiff, ) | 08 C 962 |
| ) | |
| vs. ) | Honorable Judge |
| ) | Matthew Kennelly |
| SUPERINTENDENT SNOOKS, ) | |
| SHERIFF THOMAS DART, and COUNTY ) | |
| OF COOK, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSE(S) TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants SUPT. SNOOKS, SHERIFF THOMAS DART, and COUNTY OF COOK, through their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, by his Assistant State's Attorney, Paul W. Groah, answers Plaintiff's Amended Complaint as follows:

**AMENDED COMPLAINT**

1. This action is based on 42 U.S.C. § 1983 and is brought to redress a violation of Plaintiffs rights, privileges, and immunities under the due process clause of the Fourteenth Amendment to the United States Constitution.

ANSWER: Defendants admit that this action is brought forward under §42 U.S.C. §1983 and the 14th Amendment and deny all other allegations contained in Paragraph 1.

**Jurisdiction and Venue**

2. The United States District Court for the Northern District of Illinois has jurisdiction over this action under 28 U.S.C. § 1331 because it arises under the Constitution, laws, or treaties of the United States.

ANSWER: Defendant's admit that jurisdiction is proper in Paragraph 2.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiffs claims occurred in this judicial district.

ANSWER: Defendants admit that venue is proper in Paragraph 3.

**The Parties**

4. Plaintiff is a citizen of the State of Illinois.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Thomas J. Dart is the Sheriff of Cook County, Illinois. He is responsible for maintaining order and directing the movement of detainees within the Cook County Jail. He is sued in his official capacity.

ANSWER: Defendants admit the allegations contained in Paragraph 5.

6. Superintendent Snooks works at and is responsible for administering the Cook County Jail. He is sued in his official capacity.

ANSWER: Defendants admit Supt. Snooks works at the Cook County Jail and acknowledges he is being sued in his official capacity. Defendant Snooks denies the remaining allegations contained in Paragraph 6.

7. Cook County is a unit of local government of the State of Illinois as defined by Article VII of the Constitution of the State of Illinois of 1970. Cook County is a body politic and corporate under 55 ILCS 5/5-1001 is ultimately "responsible" for the conditions of confinement and the medical needs of the detainees at the Cook County Jail.

ANSWER: Defendants admit that Cook County is a unit of local government, a body politic and corporate. Defendants deny the remaining allegations in Paragraph 7.

## Background

8. Plaintiff is a pre-trial detainee in the Cook County Jail. Since his incarceration, Defendants have been aware of his arthritic condition.

ANSWER: Defendants admit that Plaintiff is a pre-trial detainee at Cook County Jail and deny the remaining allegation contained in Paragraph 8.

9. In September 2006, Plaintiff was transferred to a cell in Division 11, Tier CC.

ANSWER: Defendants admit the allegation in Paragraph 9.

10. Plaintiff's cell in Division 11, Tier CC contains two permanent bunks. It is designed to house two detainees.

ANSWER: Defendants deny the allegations contained in Paragraph 10.

11. From September 2006 to November 2007, Plaintiff and another detainee, James Brooks, were the only detainees assigned to Plaintiffs cell.

ANSWER: Defendants deny the allegations contained in Paragraph 11.

12.     In November 2007, Defendants assigned a third detainee, Michael Sims, to Plaintiffs cell and ordered Sims to place his mattress on the floor.

ANSWER:    Defendant's admit Sims was assigned to the same Living Unit and deny the remaining allegations of Paragraph 12.

13.     The floor in Plaintiffs cell in Division 11, Tier CC was not designed for sleeping, and the cell was not "designed" to contain a third bunk.

ANSWER:    Defendants deny the allegations contained in Paragraph 13.

14.     As a result of Defendants' conduct, Plaintiffs cell was overcrowded, and Plaintiffs ability to move about in it was restricted. Further, his access to the sink and commode was obstructed.

ANSWER:    Defendants deny the allegations contained in Paragraph 14.

15.     Since 1975, Cook County has been aware of that its jail is overcrowded.

ANSWER:    Defendants deny the allegation contained in Paragraph 15.

16.     In 1982, Cook County signed a consent decree in Duran v. Sheahan (the "Decree"), docketed in this judicial district as Civil Action No. 74 C 2949, to address, among other things, the problem of overcrowding in its jail. The Decree aimed to reduce overcrowding and provide each detainee with a bed in a cell. In particular, the Decree provided, "Each pre-trial detainee shall have one permanent bed in a cell. No pre-trial detainee shall be housed where inmates are required to sleep on the floor, or on a mattress on the floor, or in any area not

designed as sleeping quarters."

    ANSWER:    Defendants admit the allegations contained in Paragraph 16.

17.    In November 2007, each of the Defendants was aware that their solution with respect to the high jail population of requiring detainees to sleep on the floor, or on a mattress on the floor, or in any other area not designated as sleeping quarters was in violation of law.

    ANSWER:    Defendants deny the allegations contained in Paragraph 17.

18.    On the night of November 20, 2007, Plaintiff got out of bed, tripped over Sims' mattress on the floor, fell into the wall of his cell, and suffered physical injury, causing severe pain in his neck and shoulder. (Statement of Michael Sims dated January 2, 2008 is attached as Exhibit 1.)

    ANSWER:    Defendants deny the allegations contained in Paragraph 18.

19.    On November 23, 2007, as the pain in his neck increased, Plaintiff sought medical evaluation and treatment for the injuries suffered on November 20, 2007. (Plaintiffs Health Service Request Form dated November 23, 2007 is attached as Exhibit 2.)

    ANSWER:    Defendants deny the allegations contained in Paragraph19.

20.    In November 2007, in response to Cook County's failure to remedy overcrowding

at the Cook County Jail, which went beyond mere contempt of the consent decree, Judge Virginia Kendall ordered the Board of Commissioners of Cook County to submit a report detailing a proposed plan of how they intend to come into compliance with the Decree. (Ct. Order Nov. 30, 2007, Docket Entry No. 978.)

      ANSWER:   Defendants deny the legal conclusions in Paragraph 20 and admit that the Defendant Sheriff was ordered to submit a compliance plan.

      21.   In January 2008, as Plaintiffs conditions failed to improve, Plaintiff was diagnosed with muscle atrophy in his shoulder and left arm. Plaintiff's doctors recommended that Plaintiff have surgery on his neck to repair the injury and alleviate the pain and discomfort caused by his November 2007 fall. Further, Plaintiffs arthritis was re-evaluated, and Plaintiffs doctor recommended that prior to the neck surgery to correct the injury from the November 2007 fall, Plaintiff would need to have hip replacement surgery to alleviate the pain and suffering in his hip and provide proper alignment for the neck surgery.

      ANSWER:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

      22.   To alleviate the pain and discomfort associated with his injuries while awaiting surgery, Plaintiff was prescribed a neck brace and pain medication. (Cermak Health Services Prescription Form dated January 2, 2008 is attached as Exhibit 3.)

      ANSWER:   Defendants deny the allegations contained in Paragraph 22.

      23.   However, despite a medical prescription and Plaintiffs repeated requests,

Defendants refused to administer Plaintiffs pain medication from February 2008 to April 2008, further exacerbating Plaintiffs extreme pain.

    ANSWER:    Defendants deny the allegations contained in Paragraph 23.

24.    Further, despite Plaintiffs repeated requests, Defendants have refused to schedule the surgeries that medical doctors recommended that Plaintiff undergo to alleviate the pain and discomfort associated with his neck and hip and the muscle atrophy in his left arm. As a result of this delay and the ongoing pain, discomfort, and muscle atrophy associated with the arthritis and neck injury, Plaintiff overcompensated with his other hip. As a result, Plaintiff now suffers from arthritis in both hips.

    ANSWER:    Defendants deny the allegations contained in Paragraph 24.

25.    Plaintiff followed the Cook County Department of Corrections' grievance procedure by filing grievances outlining Defendants' deliberate indifference to his health and safety through overcrowding his cell and ignoring his medical needs. (Plaintiffs Detainee Grievance forms are attached as Exhibit 4 - 8.)

    ANSWER:    Defendants deny the allegations contained in Paragraph 25.

26.    Despite filing grievances with the Cook County Department of Corrections, Defendants have failed to adequately respond and remain deliberately indifferent to Plaintiffs medical needs.

    ANSWER:    Defendants deny the allegations contained in Paragraph 26

## Count I
### Violation of Fourteenth Amendment
### Conditions of Confinement

27. Plaintiff incorporates by reference paragraphs 1 through 26.

ANSWER: Defendants incorporate the Answers to Paragraph 1-26 as their Answer to Paragraph 27 in Count I.

28. Defendants were aware that ordering the placement of mattresses on the floor of jail cells designed to hold two permanent beds was a violation of law.

ANSWER: Defendant's deny the allegations contained in Paragraph 28.

29. Defendants were aware that Plaintiffs cell was not designed for three detainees, the floor was not designed for sleeping quarters, and Plaintiff suffered from arthritis.

ANSWER: Defendants deny the allegations contained in Paragraph 29.

30. Defendants nevertheless assigned a third detainee to the floor of Plaintiff s cell, which restricted and obstructed Plaintiffs ability to move about in it.

ANSWER: Defendants deny the allegations contained in Paragraph 30.

31. As a result of Defendants' deliberate indifference, Plaintiff suffered severe physical injury to his neck and shoulder.

ANSWER: Defendants deny the allegations contained in Paragraph 31.

32. Defendants' actions were carried out under color of state law.

ANSWER: Defendants admit the allegations of Paragraph 32.

33. Plaintiff took every reasonable step to exhaust his administrative remedies concerning this issue.

ANSWER: Defendants deny the allegations contained in Paragraph 33.

## Count II
### Violation of the Fourteenth Amendment Deliberate Indifference to Plaintiffs Medical Needs

34. Plaintiff incorporates by reference paragraphs 1 through 26.

ANSWER: Defendants incorporate their Answers to Paragraph 1-26 as their Answer to Paragraph 34 in Count II.

35. Defendants were aware that Plaintiff was required to take medication to reduce the pain and discomfort associated with the injury to his neck and shoulder.

ANSWER: Defendants deny the allegations contained in Paragraph 35.

36. On multiple occasions, Defendants refused to provide Plaintiff with medication to alleviate his pain.

ANSWER:    Defendants deny the allegations contained in Paragraph 36.

37.    Further, Defendants refused to accommodate the medical evaluation screening and scheduling necessary to accommodate Plaintiffs surgeries, which were required to alleviate the pain and discomfort associated with the injury to his neck and shoulder. Defendants were deliberately indifferent to these serious medical needs.

ANSWER:    Defendants deny the allegations contained in Paragraph 37.

38.    As a direct and proximate result of this deliberate indifference, Plaintiff has endured pain and discomfort in his neck and shoulder for an extended period of time, suffered muscle atrophy in his left arm, and exacerbated the degeneration of his hips.

ANSWER:    Defendants deny the allegations contained in Paragraph 38.

39.    Defendants owe a duty to detainees, including Plaintiff, to meet their medical needs and they failed in this duty.

ANSWER:    Defendants deny the allegations contained in Paragraph 39.

40.    Defendants' actions were carried out under color of state law.

ANSWER:    Defendants admit the allegations contained in Paragraph 40.

41. Plaintiff took every reasonable step to exhaust his administrative remedies concerning this issue.

ANSWER: Defendants deny the allegations contained in Paragraph 41.

## Count III Indemnification Claim

42. Plaintiff incorporates by reference paragraphs 1 through 26.

ANSWER: Defendants incorporate their Answers to Paragraph 1-26 as their Answers to Paragraph 42 in Count III.

43. Under Illinois law, 745 ILCS 10/9-102 and 55 ILCS 5/5-1002, Cook County is empowered and directed to pay any tort judgment for compensatory damages (and associated attorneys' fees and costs) for which a sheriff or a deputy sheriff acting within the scope of his employment is found liable.

ANSWER: Defendant's admit only those duties imposed by law and deny the remaining allegations contained in Paragraph 43.

44. Cook County is liable for any judgment entered against Superintendent Snooks or Thomas J. Dart for compensatory damages and for associated attorneys' fees and costs.

ANSWER:    Defendants deny the allegations contained in Paragraph 44.

45.    In the event a judgment for compensatory damages is entered against Superintendent Snooks or Thomas J. Dart, Cook County must pay the judgment as well as associated attorneys' fees and costs.

ANSWER:    Defendants deny the allegations contained in Paragraph 45.

## **AFFIRMATIVE DEFENSES**

NOW COME Defendants Supt. Snooks, Sheriff Dart and County of Cook by their attorney RICHARD A. DEVINE, State's Attorney of Cook County, through his assistant Paul W. Groah, stating the following Affirmative Defense:

1.    The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. Sec. 1997 e (a). *See Dale v. Lappin*, 376 F.3d 652 655 (7th Cir. 2004).

2.    Plaintiff withheld consent regarding his treatment.

3.    The Duran consent decree makes Plaintiff, as a Pre-trial detainee, a member of that class and his right to address the overcrowding must be within the confines of that litigation.

WHERFORE, based upon foregoing, Defendants respectfully request that this Honorable Court grant judgment in their favor and against Plaintiff on all aspects of his Amended Complaint and further that this Honorable Court grant Defendants fees, costs, and such other relief that this Court deems just and appropriate.

## JURY DEMAND

Defendants Supt. Snooks, Sheriff Dart, and County of Cook respectfully demand trial by jury.

                              Respectfully submitted,

                              RICHARD A DEVINE
                              State's Attorney of Cook County

By: /s/ Paul W. Groah
     Paul W. Groah
     Assistant State's Attorney
     Civil Action Bureau
     500 Richard J. Daley Center
     Chicago, Illinois 60602
     (312) 6-3-5147